Akerman

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 9/23/2014

Donald N. David

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY 10103
Tel: 212.880.3800
Fax: 212.880.8965

Dir: 212.880.3856
Dir Fax: 212.905.6410
donald.david@akerman.com

September 22, 2014

The Clerk of Court is respectfully directed to terminate the motion (doc. 1) and close the case.

The application is ✓ granted.
__ denied.

Edgardo Ramos, U.S.D.J.
Dated: 9/23/14
New York, New York 10007

**VIA FACSIMILE**

The Honorable Edgardo Ramos
United States District Court
United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Geltzer v. Maidman, et al (In re Maidman)*, No. 13-mc-00292 (ER)

Dear Judge Ramos,

We represent the movants in the above referenced proceeding, initiated through a motion to withdraw reference to the bankruptcy court [Doc. No. 1] (the "Motion"). We write in response to the letter from Robert Wolf, the attorney of the bankruptcy trustee, dated Friday, September 19, 2014.

The Motion has not yet been decided by the Court, and we hereby withdraw the Motion. Our withdrawal should moot the proceeding, allowing it to be administratively closed.

Mr. Wolf raised a number of arguments in his September 19 letter, including whether a jury trial is appropriate in the underlying adversary proceeding and whether a jury trial can be conducted before the bankruptcy court. These questions are contested and complex, and thus are best addressed by the bankruptcy court in the first instance because of the bankruptcy court's familiarity with the facts and issues in this adversary proceeding from its 16-month supervision of the case.[1]

[1] For example, the trustee failed to demand a jury trial in the complaint and now wishes to deem the following language in the Answer to be a jury demand: "WHEREFORE, RM Defendants respectfully requests that this Court grant judgment as follows: … b. State Court jury trials in connection with Counts One, Two, Nineteen, Twenty, and Twenty-One of the Complaint."

Moreover, the movants intend to file for summary judgment before the bankruptcy court on most of the trustee's claims now that it is apparent they are unsupported and unsupportable by the discovery record. Regardless of how the courts view the questions concerning jury trial, the bankruptcy court is in the best positioned to consider and decide the motion for summary judgment in the first instance because of its familiarity to this matter.

Thus, we respectfully withdraw the Motion and asks the Court to administratively close this proceeding.

Respectfully submitted,

Donald N. David

cc: Robert A. Wolf
Christopher Tumulty